IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 23-CR-57-GKF |
| | ) |
| MORGAN COLE WOMACK, | ) |
| | ) |
| Defendant. | ) |

**UNOPPOSED MOTION TO CONTINUE
SCHEDULING ORDER DEADLINES**

COMES NOW, Morgan Cole Womack, by and through his attorney of record, Craig M. Hoehns, and moves this Court for an Order continuing the current scheduling order for a period of one month, and continuing the April 15, 2024 jury trial setting to the May 20, 2024 trial docket. The United States of America does not oppose this motion. In support of this motion the Defendant states as follows:

1. On March 1, 2024, Mr. Womack was arraigned before the Honorable Judge Huntsman on a two-count indictment alleging drug conspiracy and possession of methamphetamine with intent to distribute. (Docs. 16, 20).

2. Mr. Womack's case is currently set for jury trial on April 15, 2024. (Doc. 19).

3. An initial batch of discovery has been provided via USAfx to Mr. Womack for review. However, since disclosure of that discovery, Counsel has had considerable time restraints due to a busy calendar. Plea negotiations are ongoing and counsel believes this matter will be resolved through plea negotiations.

4. A continuance of the scheduling order and trial for a period of one (1) month should provide sufficient time for defense counsel to complete review of discovery, file any motions, negotiate a plea agreement if appropriate, and prepare for trial.

5. The Speedy Trial Act gives this Court the discretion to "accommodate limited delays for case-specific needs." *Zedner v. United States*, 547 U.S. 489, 499, 126 S.Ct. 1976, 1984, 164 L.Ed.2d 749 (2006). The facts of this case justify an ends of justice determination that a continuance "outweigh[s] the best interests of the public and the defendant in a speedy trial." *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009), citing 18 U.S.C. § 3161(h)(7)(A).

6. The denial of this motion would unreasonably deny Defendant Womack reasonable time necessary for effective preparation taking into account the exercise of due diligence by counsel. Effective preparation in a criminal case includes time necessary to reach a plea agreement acceptable to the Court and each of the parties. Negotiating a plea agreement is a legitimate part of criminal proceedings, as recognized by the Speedy Trial Act, 18 U.S.C. § 3161(h). Further, the Court can conclude the ends of justice served by granting this Motion outweigh the best interest of the public and the Defendant under 18 U.S.C. § 3161(h)(7)(A).

7. This motion is made in good faith and is not made for dilatory purposes.

8. Granting this motion will not prejudice either party.

9. The defendant submits that, for all the reasons mentioned above, the ends of justice

served by the requested continuance outweigh the interests of the public and the defendant in a speedy trial. The requested continuance would further the ends of justice by affording defendant the opportunity to effectively consult with his attorney regarding discovery of the case. Defendant agrees that any time encompassed by a continuance granted as a result of this request is excludable under the provisions of the Speedy Trial Act. 18 U.S.C. §3161(h)(7)(A).

10. Counsel has conferred this motion with the counsel for the government, Assistant United States Attorney Adam Bailey. The government does not oppose this request to grant this motion.

11. Mr. Womack has not previously requested any extension of time or continuance.

12. Counsel states that based on the foregoing it is reasonable, necessary and proper to extend time to review outstanding discovery materials, complete a proper investigation of the defenses available to the defendant, and participate in further plea negotiations.

13. Counsel states that the statutory and case law is clear that this Court has the discretion to enter the requested Order upon its findings that the ends of justice warrant and are served and that such actions outweigh any generic public interest in a speedy trial being held on April 2024 trial calendar.

## CONCLUSION

WHEREFORE, the foregoing premises considered, undersigned counsel prays this Court find that the interests of the defendant outweigh the speedy trial factors,

stated above, that the delay tolls the speedy trial prohibitions, that the delay is necessary in the exercise of due diligence of counsel to prepare a proper and adequate defense and that it best serves the interest of justice, and that the scheduling order deadlines be extended by a period of one month, and the trial date set for the April 15, 2024 trial docket be stricken and this matter be placed on the May 20, 2024 trial docket.

Respectfully submitted,

s/ Craig M. Hoehns
Craig M. Hoehns
Bar Number: 21700
Attorney for Morgan Cole Womack
Hoehns Law Office, PLLC
3801 N. Classen Blvd, Suite 250
Oklahoma City, OK 73118
Telephone: (405) 535-2005
Fax: (405) 543-1354
craig.hoehns@hoehnslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2024, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

s/ Craig M. Hoehns
Craig M. Hoehns