# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 24-CR-57-GKF |
| MORGAN COLE WOMACK, ) | |
| Defendant. ) | |

## SECOND AMENDED SCHEDULING ORDER

This matter comes before the court on the Unopposed Motion to Continue Scheduling Order Deadlines [Doc. 24] of defendant Morgan Cole Womack. For the reasons set forth below, the motion is granted.

### I. Background

On February 22, 2024, a grand jury returned an Indictment charging Morgan Cole Womack with one count of Drug Conspiracy, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii); and one count of Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii).

On March 29, 2024, the court entered the following Amended Scheduling Order [Doc. 23] in this matter:

| | |
|---|---|
| Notices due: | 4/10/2024 |
| Motions and Objections to Notices due: | 4/17/2024 |
| Pretrial Conference/Motions Hearing: | 5/8/2024, at 9:30am |
| Voir dire, jury instructions, stipulations and trial briefs due: | 5/13/2024 |

| | |
|---|---|
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 5/16/2024, by 4:00pm |
| Three hard-copy exhibit binders delivered to Court: | 5/16/2024, by 4:00pm |
| Jury Trial: | 5/20/2024, at 9:30am |

Mr. Womack now requests a continuance to the court's July 15, 2024, trial docket. [Doc. 24]. Defense counsel represents that the plaintiff does not oppose this motion. [*Id.* at 3].

In support of his motion, defense counsel explains that plea negotiations are ongoing and counsel believes this matter will be resolved without trial. Since the arraignment, defense counsel has experienced considerable time restraints due to a busy calendar. Defense counsel also states that a two-month continuance will provide him sufficient time to complete a review of the discovery, file motions, continue plea negotiations, if appropriate, and prepare for trial.

Mr. Womack filed a Speedy Trial Waiver requesting the court exclude the time from May 20, 2024, to July 15, 2024. [Doc. 25].

**II.   Analysis**

Section 3161(h)(7)(A) of the Speedy Trial Act permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. *Id.* In cases that are not so unusual or complex as to fall within clause (ii) of § 3161(h)(7)(B), the court shall consider whether failure to grant the continuance "would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or

would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that it should be a rarely used procedural tool. The parties must provide the district court with a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." *Id.* at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id.* at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

The court finds that failure to grant the instant motion would deny counsel for the defendant sufficient time to continue ongoing plea negotiations on behalf of his client, taking into account the exercise of due diligence. Should these plea negotiations fall through, the court finds that failure to grant the instant motion would deny counsel for the defendant sufficient time to prepare for trial, taking into account the exercise of due diligence.

The court therefore finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial.

### III. Conclusion

IT IS THEREFORE ORDERED that the Unopposed Motion to Continue Scheduling Order Deadlines [Doc. 24] of defendant Morgan Cole Womack is granted. All current deadlines in the Amended Scheduling Order [Doc. 23] are stricken. The following Second Amended Scheduling Order is hereby entered:

| Notices due: Including all notices required by FRCrP and FRE, including Rule 16, 404(b), 412, 413, 414, or 609. | 6/11/2024 |
|---|---|
| Motions and Objections to Notices due: Absent good cause, motion in limine shall be filed by this date. Motions for bill of particulars shall be filed pursuant to FRCrP 7(f). | 6/18/2024 |
| Pretrial Conference/Motions Hearing: | 7/2/2024, at 9:30am |
| Voir dire, jury instructions, stipulations, and trial briefs due: | 7/8/2024 |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): Counsel shall refer to all adult witnesses by their full names, rather than initials. In cases involving minors, the parties shall submit two copies of the lists. The first shall use the minors' full names. The second shall use the minors' initials. | 7/11/2024, by 4:00pm |
| Three hard-copy exhibit binders delivered to Court: | 7/11/2024, by 4:00pm |
| Jury Trial: | 7/15/2024, at 9:30am |

Pursuant to LCrR47-2, any response shall be filed within seven days of any motion's filing. Replies are not permitted without leave of Court. If leave is granted, replies shall be limited to five pages.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial. Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

IT IS FURTHER ORDERED that the time from May 20, 2024, inclusive, to July 15, 2024, inclusive, shall be excluded from any Speedy Trial Calculations.

IT IS SO ORDERED this 7th day of May, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE